UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL M. MARTE,<br>Plaintiff,<br>-against-<br>WESTCHESTER COUNTY DEPT. OF CORRECTIONS/BOOKING SEARCH,<br>Defendant. | **ORDER OF SERVICE**<br>26-CV-7086 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently detained at the Westchester County Jail ("WCJ"), brings this action, *pro se*, under 42 U.S.C. § 1983, asserting claims arising from a strip search at WCJ. He sues "Westchester County Jail Dept. of Corrections/Booking Search," which the Court understands to be the Westchester County Department of Corrections ("WCDOC"). By order dated September 25, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court (1) directs service on the WCDOC; (2) directs the Clerk of Court to add as a defendant, under Rule 21 of the Federal Rules of Civil Procedure, "John Doe Correction Officers 1-5"; and (3) directs the WCDOC, under *Valentin v. Dinkins*, to assist Plaintiff and the Court in identifying the John Doe correction officers whom he alleges conducted the strip search.

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A. Service on WCDOC

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant WCDOC through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### B. Adding John Doe Correction Officers

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). A court can, under Rule 21, "add[] individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25-CV-0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020)). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co*., 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

In the complaint, Plaintiff alleges that, on July 20, 2026, and August 12, 2026, an unspecified number of correction officers at WCJ violated his constitutional rights when they strip-searched him. Accordingly, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to add "John Doe Correction Officers 1-5" as Defendants in this action, under Rule 21.[3] The addition of these individuals as Defendants in this action is without prejudice to any defenses that these Defendants may assert in this action.

**C. *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the WCDOC to identify the John Doe WCJ correction officers whom Plaintiff alleges strip-searched him on July 20, 2026 and August 12, 2026. It is therefore

[3] The Court added "John Doe Correction Officers 1-5" as a placeholder; the actual number of correction officers involved may be more or less than five.

ordered that the Westchester County Attorney, who is the attorney for and agent of the WCDOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Westchester County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the John Doe defendants are identified and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to add "John Doe Correction Officers 1-5" as Defendants under Fed. R. Civ. P. 21.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the Westchester County Attorney at 148 Martine Avenue, 6th Floor, White Plains, New York 10601.

**SO ORDERED**

Dated: October 2, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595